IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**TRIGINAL D. JACKSON**,

      Plaintiff,

     v.                                        **CIVIL NO. 09-286 BB/DJS**

**WALGREENS CORP. , MS. FALLAS,
3 CLERKS, 3 MANAGERS**,

      Defendants.


**MEMORANDUM OPINION
AND
ORDER TO SHOW CAUSE
WHY CASE SHOULD NOT BE DISMISSED**


THIS MATTER comes before the Court upon the Court's own motion. Plaintiff Triginal D. Jackson has filed a *pro se* action brought upon a complaint form intended for suits pursuant to 42 U.S.C. §1983. Plaintiff has sought *in forma pauperis* status and the Court has conducted a *sua sponte* review of the complaint pursuant to 28 U.S.C. §1915(e)(2).

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* Plaintiff's complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel, but is at the same time mindful that the plaintiff's complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts that he sought to purchase an alcoholic beverage from the Walgreens store at the corner of San Mateo Avenue and Montgomery Avenue, but the clerk refused to accept the identification issued by the State of Utah as proof of age. Plaintiff further asserts that the clerk also refused his expired temporary identification card issued by the State of New Mexico and would not complete the sale. Plaintiff states that he sought relief from Walgreens customer service but that a Ms. Fallas, head of the liquor department, told him that his identification would not be accepted despite an earlier assurance from another individual with Walgreens Customer Service who told him that his identification was adequate to ensure a sale. Plaintiff seeks monetary damages and a policy change from Defendant for what he characterizes as discrimination due to failure to recognize an identification from another state and embarrassment.

Reviewing the complaint as a whole, no action by any government official is alleged. To establish a cause of action under §1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The complaint does not allege any action under color of law and the Court cannot construe such an allegation. See Blum v. Yaretsky, 457 U.S. 99, 1004 (1982)(Businesses, even those extensively regulated, are not state actors unless it can be said that the state is responsible for the specific conduct of which the plaintiff complains); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 175-76 (1972)(State liquor license did not make private club's allegedly discriminatory activities under color of state law).

Setting aside the form in which the complaint is made and construing Plaintiff's claims liberally, he still fails to state a cause for relief. Put simply, in general a business has a "right to deal, or refuse to deal, with whomever it likes, as long as it does so independently." See Monsanto Co. v. Spray-Rite Service Corp., 465 U.S. 752, 761 (1984) (referring to the Sherman Anti Trust Act). Plaintiff's claim is that he was discriminated against on the basis of his out-of-state identification and his temporary in-state identification. The Court has found no federal law, however, that prevents such discrimination by a private entity such as Walgreens. For this reason, Plaintiff's complaint fails to state a valid claim that may be litigated in federal court.

## ORDER TO SHOW CAUSE

Based on the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff show cause in writing, within twenty days of the date of this order, why his complaint should not be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

Dated this 8th day of April, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　　
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**